Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 770 | **DATE** | 7/9/2001 |
| **CASE TITLE** | Gwin & Bouchelion vs. Reynolds & Reynolds | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss Counts III and IV or Alternatively to Transfer Venue

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's Motion to Dismiss Counts III and IV of the Complaint (doc. #9-1) is **DENIED**. Defendant's Alternative Motion to Transfer Venue over Counts III and IV (Plaintiff Bouchelion's claims) to the Southern District of Ohio (doc. #9-2) is **GRANTED**. Based upon Plaintiff Gwin's oral motion and this Court's findings, Counts I & II of the Complaint are **transferred** to the Southern District of Ohio as well.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JUL 10 2001 | | |
| | Notified counsel by telephone. | | date docketed | | 20 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | | |
| | Copy to judge/magistrate judge. | 01 JUL -9 PM 4: 54 | | date mailed notice | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALPHONSO GWIN, JR., and )
KEITH S. BOUCHELION, )
    Plaintiffs, )
)
v. ) CAUSE NO. 01C770
) JUDGE WILLIAM J. HIBBLER
REYNOLDS & REYNOLDS CO. )
    Defendant. )

**DOCKETED**
**JUL -10 2001**

## MEMORANDUM AND OPINION

    Plaintiff Bouchelion has brought an action seeking damages for employment discrimination. This Court now has before it Defendant Reynolds' Motion to Dismiss Counts III and IV pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. 1406(a). Alternatively, Reynolds seeks a Motion for Transfer of Venue of Counts III and IV pursuant to 42 U.S.C. § 2000e-5(f)(3). For the reasons noted below, Defendant's Motion to Dismiss based on improper venue (doc. #9-1) is **DENIED** and Defendant's Motion for Transfer of Venue (doc. #9-2) is **GRANTED**.

## BACKGROUND

    Reynolds is a Delaware corporation with its principal place of business located in Dayton, Ohio. Plaintiff Bouchelion is a resident of the State of Maryland and for purposes of this claim has never worked for Reynolds in the State of Illinois or worked out of any branch office located in the State of Illinois.

1



## PROPER VENUE UNDER TITLE VII

Bouchelion's employment discrimination claim arises pursuant to Title VII.[1] 42 U.S.C. § 2000e et seq. Title VII has its own venue provision, 42 U.S.C. § 2000e-5(f)(3). Section 5(f)(3) is not simply a supplement to 28 U.S.C. § 1391; it is the exclusive venue provision for all Title VII discrimination actions. *Cooley v. Levi Strauss & Co.*, No. 95 C 5025, 1995 WL 683494, at *1 (N.D. Ill. Nov. 15, 1995) (citing *Johnson v. Payless Drug Stores Northwest*, 950 F.2d 586, 587-588 (9th Cir. 1991)); *McCarthy v. KFC Corp.*, No. 84 C 994, 1984 WL 1048, at *2 (N.D. Ill. July 20, 1984). Since Defendant has challenged venue, Plaintiff bears the burden of establishing that venue is proper. *First Health Group, Corp. v. Sanderson Farms, Inc.*, No. 99 C 2926, 2000 WL 139474, at *2 (N.D. Ill. Jan. 31, 2000). Under Section 5(f)(3), venue is proper:

> [1] in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has its principal office.

A plaintiff need satisfy only one of the Title VII venue provisions for the court to exercise jurisdiction. *McDonald v. American Fed'n of Musicians*, 308 F. Supp. 664, 669-70 (N.D. Ill.1970).

## ANALYSIS

First, to determine where the alleged practice occurred, this Court must look to the location of where the decisions and actions regarding the employment practices took place. *Cox*

---

1 This Court is using the specific venue requirements for the Title VII claims contained in Bouchelion's Count III. This Court will not consider the specific venue requirements under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Bouchelion has not set forth a cause of action under the ADEA, and in fact he asks for judgment under 28 U.S.C. § 621 which this Court finds to be an error.

2

*v. Nat'l Football League*, No. 97 C 3741, 1997 WL 619839, at *2 (N.D. Ill. Sept. 29, 1997) (citing *Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 664 (D.D.C. 1982)). Defendant claims that Bouchelion can in no way assert that Reynolds' decisions concerning the alleged discrimination occurred in Illinois. Because Bouchelion never worked in Illinois, Defendant argues that he cannot satisfy the first element of §5(f)(3). Bouchelion has failed to sufficiently counter Defendant's argument. Therefore, this Court finds that the first element of § 5(f)(3) has not been satisfied.

Secondly, venue may be proper in the district in which Bouchelion's relevant employment records are kept. Defendant has offered proof of the fact that under the second element, this case is not proper in Northern District of Illinois. John Eve's affidavit clearly indicates that all relevant employment records concerning Bouchelion are maintained and administered in Dayton, Ohio and that none of Bouchelion's records are maintained or administered in Illinois.[2] Bouchelion does not claim, nor can he claim, that his relevant employment records are maintained or administered in Illinois. Therefore, Bouchelion has failed to satisfy the second element of Title VII's venue provision.

Third, this Court may find that venue is proper where Bouchelion would have worked but for Defendant's unlawful employment practices. Bouchelion's only relevant argument to support this proposition is that "he had expressed interest in positions for the computer division. The computer division is located in Chicago to some extent." (Pl.'s Am. Resp. to Def.'s Mot. to Dismiss or to Trans. Ven. ¶ 7.) However, this argument is weak at best. Bouchelion has failed to produce evidence that he applied for positions in Chicago and was rejected for those positions

---

2 John Eve is the Director of Human Resources for Defendant Reynolds & Reynolds Company.

as a result of Defendant's unlawful employment practices. Absent more than Bouchelion's hypothetical interest in the Chicago area, this Court finds that he is unsuccessful in alleging any specific facts that would arguably suggest proper venue in this District.

Additionally, venue is proper within the judicial district in which Defendant has its principal office. In this case, Defendant's principal office is located in Dayton, Ohio; therefore, venue would be proper in the Southern District of Ohio.

Now that it has been established that this District is not the proper venue for the present case, this Court can either dismiss the action, or "if it be in the interest of justice," transfer it to a proper district. 28 U.S.C. § 1406(a). "In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period." *Sabay v. Reno*, 1996 WL 167332 at *3 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2nd Cir. 1993)). More than 90 days have passed since the issuance of Bouchelion's EEOC Right to Sue Letter, thus, the interests of justice are best served by transferring Plaintiff's Title VII claims.[3]

Finally, this Court will take a moment to discuss the quality of Plaintiffs' submissions. Numerous citation and typographical mistakes exist throughout the Complaint. Should Plaintiff continue filing matters before this Court in the future, Plaintiff must take greater care in preparation of the his materials. Although Rule 8 binds this Court, this Court will not make Plaintiff's case for him.

---

3 Under Title VII, an action must be brought within 90 days of receipt of the EEOC's Right to Sue Letter. 42 U.S.C. §2000e-5(f)(1). The EEOC issued Bouchelion's Right to Sue Letter on January 1, 2001. The 90-day statutory period ended March 31, 2001.

4

## CONCLUSION

In the present case, none of the factors listed in the venue provision of Title VII are present. The allegations contained in Counts III and IV of Plaintiffs' complaint state that all the events involving Bouchelion's employment occurred in Maryland. There is no indication that any employment records relevant to this action are located in this district. Finally, Bouchelion has failed to allege that but for the alleged discriminatory conduct he would be working in Illinois. Thus, it is the order of this Court that Defendant's Motion to Dismiss (doc. #9-1) is **DENIED** and Defendant's Motion to Transfer (doc. #9-2) is **GRANTED**. Therefore, Counts III and IV of Plaintiff's complaint are transferred to the Southern District of Ohio for further proceedings.

**IT IS SO ORDERED.**
**DATED:** June 25, 2001

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE